**CIRCUIT COURT OF THE CITY OF RICHMOND**

Mary Esther Small

v.

Virginia Commonwealth University

March 5, 1992

Case No. HB-1212–4

BY JUDGE RANDALL G. JOHNSON

This is an action by plaintiff seeking to overturn a decision of an administrative appeals panel at Virginia Commonwealth University (VCU) which held that plaintiff is not domiciled in Virginia and thus is not entitled to the in-state tuition rate as a student at VCU. The court's jurisdiction exists by virtue of Va. Code Section 23–7.4(H) which provides in pertinent part:

> Any part aggrieved by a final administrative decision shall have the right to review in the circuit court for the jurisdiction in which the relevant institution is located. A petition for review of the final administrative decision shall be filed within thirty days of receiving the written decision. In any such action, the institution shall forward the record to the court, *whose function shall be only to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, to be supported by substantial evidence and not to be arbitrary, capricious or otherwise contrary to law.*

Emphasis added.

Because the court finds that the appeals panel's decision is supported by substantial evidence and is not arbitrary, capricious, or otherwise contrary to law, it will not be disturbed.

Plaintiff moved to Virginia in 1969 when she was seventeen years old. From 1969 until 1972 she attended Westhampton College in

Richmond. From 1974 until 1978 she attended VCU as an in-state student. She attended the Medical College of Virginia's School of Nursing at VCU from 1978 until 1980, receiving a B.S. in Nursing. During and after her studies in Virginia, plaintiff worked and paid taxes here. She had a Virginia driver's license and voted in Virginia. She married a Virginia student, and most of plaintiff's friends and family lived, and still live, in Virginia and North Carolina.

In July, 1988, plaintiff, who is now divorced, went to Oregon to accompany a person she describes as her "partner" who had enrolled in law school there. While in Oregon, plaintiff stored her furniture and household possessions in Virginia, maintained her nursing license here, and maintained an account with a Virginia bank. Plaintiff also made several trips back to Virginia to visit friends and relatives and to check on her stored possessions. On the other hand, plaintiff did not maintain a residence in Virginia, nor did she pay any taxes to Virginia while she was in Oregon. In addition, plaintiff allowed her Virginia driver's license to expire and voted in Oregon elections. In May, 1991, plaintiff moved back to Virginia.

Plaintiff is now a student at MCV/VCU. She has "reactivated" her Virginia driver's license and again voted in Virginia. She works for a Richmond hospital, where she had worked previously, and "has on numerous occasions expressed her intent to remain in Virginia after completion of her medical studies to pursue her medical career." Based on all of the evidence presented to it, the appeals panel found that plaintiff had not carried her burden of establishing "by clear and convincing evidence that for a period of at least one year prior to the date of the alleged entitlement, the person through whom [s]he claims eligibility was domiciled in Virginia and had abandoned any previous domicile, if such existed." Va. Code § 23–7.4(B).[1]

Section 23–7.4(A) defines domicile as follows:

> "*Domicile*" means the present, fixed home of an individual to which he returns following temporary absences and at which he intends to stay indefinitely. No individual may

---

[1] Plaintiff claims that the appeals panel did not have the entire record before it when it made its decision. I find, however, that the entire record WAS before the panel, and that any delay in accumulating the entire record was unintentional and inconsequential.

have more than one domicile at a time. Domicile, once established, shall not be affected by mere transient or temporary physical presence in another jurisdiction.

Section 23–7.4(B) provides, in part:

In determining domiciliary intent, all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, location of checking or passbook savings accounts and any other social or economic relationships with the Commonwealth and other jurisdictions.

In the case at bar, at least four of the ten separate factors set out above support a finding of domicile in Oregon rather than Virginia. First, plaintiff was not a continuous resident of Virginia for at least one year before her alleged entitlement. Second, plaintiff paid no income taxes to Virginia during the time she lived in Oregon. Third, plaintiff did not maintain her Virginia driver's license while in Oregon. And fourth, plaintiff voted in Oregon. While there is no minimum number of factors which must exist in order to establish domicile in a particular place, the court would have to completely ignore the factors just mentioned in order to hold that the panel's decision cannot "reasonably be said, on the basis of the record, to be supported by substantial evidence [or is] arbitrary, capricious or otherwise contrary to law."

Finally, even in the absence of the statutory definition of domicile contained in § 23–7.4(A) or of the factors set out in § 23–7.4(B), the panel's decision must still be affirmed. This is so because of the long-standing rule that in order to establish domicile, two things must concur: "a *residence* at a particular place, accompanied with positive or presumptive proof of an intention to remain there for an unlimited time." *Long v. Ryan*, 71 Va. (30 Gratt.) 718 (1878) (emphasis in original). Since plaintiff concedes that she had no residence in Virginia between July, 1988, and May, 1991, she could not have been domiciled in Virginia during that period. The court is unwilling to rule that her returning to Virginia in May, 1991, and applying to medical school at MCV/VCU, even with her prior connections to

Virginia, establish domicile in Virginia as a matter of law. Again, because § 23–7.4(H) allows this court to overturn the panel's decision only if that decision is not supported by substantial evidence or is arbitrary, capricious, or otherwise contrary to law and because there is substantial evidence in this record from which the panel could decide that plaintiff is not domiciled in Virginia, the panel's decision will be affirmed.